**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CECIL BERNARD TOSSIE,

                Plaintiff,

v.

                                  Case No. 3:26-cv-997-WWB-MCR

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

                Defendants.

_____

## ORDER

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983.[1]  (Doc. 1).  The Defendants that Plaintiff seeks to sue are not entirely clear as the case caption is not the same as contained in Section 1.B. of the Complaint form, but Plaintiff appears to name the following eight Defendants: (1) Florida Department of Corrections; (2) T.C. Mangrum, food service; (3) T. Peterson, Chaplain; (4) A. Cochran; (5) S. Kinney, Grievance Coordinator; (6) S. Glass, Assistant Warden of Programs; (7) Ricky Dixon, Secretary of Florida Department of Corrections; and (8) J. Norman.  (*See* Doc. 1 at 1–4).  Though Plaintiff's claims are even more unclear than his intended Defendants, as best the Court can discern, Plaintiff complains that he was not able to enjoy the Passover meal because he was not enrolled in the religious diet program ("**RDP**") and was not given enough time to enroll in the RDP.  (*Id.* at 4, 5–6).

---

[1] As Plaintiff has not paid the filing fee, the Court presumes Plaintiff's desire to proceed in forma pauperis.

Under the Prison Litigation Reform Act ("**PLRA**"), a district court must dismiss a complaint or any portion of the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).  Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Federal Rule of Civil Procedure 12(b)(6), courts apply the same standard in both contexts.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In other words, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions.  *Id.*

Here, Plaintiff's complaint is subject to dismissal under the PLRA for his failure to state a plausible claim under § 1983.  Initially, the Court finds Plaintiff's Complaint is an impermissible shotgun pleading because it "fail[s] . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Weiland*

*v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). His complaint is "replete with conclusory, vague" allegations, and he does not specify which claim(s) he seeks to bring against which Defendant or the allegations supporting his claims. He also does not specify which Defendant is responsible for the rule and decisions of which he complains.

The Complaint is also subject to dismissal for another reason. To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." *See Bingham*, 654 F.3d at 1175 (alteration in original). Here, Plaintiff fails to allege sufficient facts to connect any Defendant to an alleged violation of his constitutional rights. As noted, his allegations are exceedingly unclear and conclusory, amounting to no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Indeed, Plaintiff does not specifically allege the constitutional claim upon which he seeks relief but because he alleges interference with a religious practice, the First Amendment would likely apply. "To plead a valid free exercise claim, [Plaintiff] must allege that the government has impermissibly burdened one of his 'sincerely held religious beliefs.'" *Watts v. Florida Intern. Univ.*, 495 F.3d 1289, 1294 (11th Cir. 2007) (quoting *Frazee v. Ill. Dep't of Emp. Sec.*, 489 U.S. 829, 834 (1989)). Generally, a prison rule that merely inconveniences an inmate does not impermissibly burden the inmate's sincerely held religious beliefs. *See Dorman v. Aronofsky*, 36 F.4th 1306, 1314 (11th Cir. 2022) ("[A] substantial burden is 'more than an

3

inconvenience' and is 'akin to significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly[.]'").[2]

Here, Plaintiff does not specify his religious beliefs.  However, even accepting that Plaintiff has a sincerely held religious belief, he does not allege that the challenged prison rule "has impermissibly burdened" his ability to practice his religion.  *See Watts*, 495 F.3d at 1294.  Notably, he does not clearly or overtly allege he submitted a proper request to participate in Passover, but the request was denied because he is not approved for RDP.  (*See* Doc. 1 at 5–6).  In fact, Plaintiff suggests that the unspecified individuals he discussed the issue with thought he "was just looking for info[rmation]." (*Id.* at 5).  To the extent he submitted a request to participate in Passover that was denied based on the challenged rule, he does not allege the rule results in more than an inconvenience to his religious practice.  *See Dorman*, 36 F.4th at 1314.  As such, he has not alleged a plausible First Amendment violation.  Therefore, Plaintiff fails to state a claim upon which relief may be granted.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.  This case is **DISMISSED without prejudice**.

2.  The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on May 27, 2026.

---

[2] The "substantial burden" standard applies to RLUIPA claims, but RLUIPA "provides greater religious protection than the First Amendment." *Dorman*, 36 F.4th at 1313.  Thus, if a plaintiff does not allege a violation under the heightened RLUIPA standard, he does not do so under the First Amendment.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

JaxP-12

C:    Cecil Bernard Tossie, #X52238

5